IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>    v.<br><br>WILLIAM JOHN MAHAN,<br><br>      Defendant. | No. 6:06-cr-60045-AA<br><br>OPINION AND ORDER |

AIKEN, Chief Judge:

    On June 29, 2007, after trial by jury, defendant was convicted of being a felon in possession of a firearm, possession with intent to distribute methamphetamine, and possession of a firearm in furtherance of a drug trafficking offense. Defendant directly appealed his conviction and sentence, the Ninth Circuit affirmed, and the United States Supreme Court denied his petition for writ of certiori.

1    - OPINION AND ORDER

Defendant now moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on grounds of ineffective assistance of counsel and prosecutorial misconduct. The motion is denied.

## DISCUSSION

Defendant contends that his trial counsel was deficient because she failed to conduct a reasonable investigation and present certain evidence and witnesses at trial to establish bias on the part of the government's witnesses. Defendant also alleges prosecutorial misconduct based on the alleged withholding of evidence and alleged "payments" to witnesses in exchange for their testimony.

To demonstrate ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the deficient performance resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). Defendant must overcome a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Id. at 689. Further, defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687.

Defendant argues that his counsel failed to call two "critical" witnesses at trial. One witness, Scott Sullivan, actually testified at trial, and the other witness, Ron Steadmon,

merely states that he never witnessed defendant with firearms. Steadmon Decl. (attached to Def.'s Reply). Given that numerous other witnesses testified about defendant's possession of firearms, defendant fails to show deficiency or prejudice.

Defendant also argues that counsel failed to investigate and present evidence such as vehicle and bank records to show that the United States "paid" witnesses for their testimony by releasing defendant's property to the witnesses. However, the jury heard testimony that the Bureau of Alcohol, Tobacco, and Firearms had released defendant's motor home and car to defendant's friend, Julie Snodgrass, that she subsequently transferred the title of the motor home into her name, and that another person allegedly took possession of the motor home. The jurors also heard testimony that defendant sued Snodgrass for allegedly converting his property and money (by accessing his bank accounts) while he was incarcerated. Thus, the jurors were aware of these facts. Regardless, defendant fails to show how his vehicle and bank records would reveal covert payments to witnesses by the government, and defendant fails to present any evidence that the government was involved in transferring the motor home's title or accessing defendant's bank accounts. Accordingly, defendant fails to show deficiency or prejudice resulting from the failure to introduce bank and motor vehicle records.

Defendant's prosecutorial misconduct claim relies on the so-

3   - OPINION AND ORDER

called payments to witnesses and the alleged withholding of drug "buy tapes," claims without a shred of supporting evidence. Indeed, defendant's allegations of paid witnesses and withheld evidence rest on nothing more than speculation. Therefore, even the prosecutorial claim was not procedurally barred, it is without merit. United States v. Skurdal, 341 F.3d 921, 925 (9th Cir. 2003) ("If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error.") (quoting United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993)).

Finally, defendant's request for appointment of counsel is denied, as I find no factual dispute to warrant an evidentiary hearing. Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).

## CONCLUSION

Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (doc. 127) is DENIED.

IT IS SO ORDERED.

Dated this 13th day of July, 2012.

_____
Ann Aiken
United States District Judge

4  - OPINION AND ORDER