IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:06-cr-60045-AA-1 |
| Plaintiff, | |
| v. | OPINION AND ORDER |
| WILLIAM JOHN MAHAN, | |
| Defendant. | |

AIKEN, Chief Judge:

On May 7, 2015, defendant filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c), United States Sentencing Guidelines (U.S.S.G.) § 1B1.10, and U.S.S.G. Amendment 782. Defendant seeks to reduce his 120-month sentence to 100 months. The motion is denied.

## BACKGROUND

On November 25, 2008, defendant was sentenced to a 120-month term of imprisonment after convictions for being a felon in

1   - OPINION AND ORDER

possession of a firearm, 18 U.S.C. § 922(g), and possessing with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1) and (b)(1)(C). He was also sentenced to a consecutive 60-month mandatory minimum term of imprisonment for possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c).

Defendant's advisory guideline range of imprisonment was 140 to 175 months (excluding the 60-month consecutive term of imprisonment). This guidelines range was based on the grouping of two of his crimes, felon in possession of a firearm and possessing with intent to distribute methamphetamine, which produced a total offense level of 28 and a Criminal History Category of VI.

Relevant to this motion, defendant had been arrested by state authorities on January 10, 2006 for violating post-prison supervision imposed for prior state convictions. Defendant was federally indicted for the offenses of conviction on April 19, 2006, three months after his arrest. He remained in state custody for the probation violation until December 10, 2007. The Bureau of Prisons would not credit defendant the time he spent in state custody after he was federally indicted since it was credited toward his state sentence.

At sentencing, the Probation Office recommended a 200-month term of imprisonment and the government asked for a 235-month prison term, which included the 60-month consecutive term of

2    - OPINION AND ORDER

imprisonment. Gov't Supp. Sent. Memo. at 2. Defendant asked the Court to consider the progress he had made while in custody and apply the 20 months he spent in state custody prior to sentencing to his federal sentence, resulting in a 120-month sentence. Transcript of Proceedings (Tr.) 24-25.

On November 25, 2008, the court accepted the presentence report guideline range of 140 months, but imposed the requested sentence of 120-months, granting defendant's request for the 20-month reduction. The court also imposed the mandatory, consecutive 60-month sentence.

## DISCUSSION

Amendment 782 to the U.S.S.G. reduced most base offense levels on the § 2D1.1 Drug Quantity Table by two levels, and Amendment 788 provides that Amendment 782 applies retroactively. Both parties agree that Amendment 782 has reduced defendant's guideline range by two levels. Defendant's previous base offense level for the drug charge was a 28, generating a guideline range of 140 to 175 months. The amended base offense level for the drug charge is now a 26, generating a guideline range of 120 to 150 months.

Defendant asks that the court incorporate the 20-month downward adjustment applied at the original sentencing to the amended guideline range, which now would result in a 100-month term of imprisonment. Under 18 U.S.C. § 3582(c), a reduction in

3   - OPINION AND ORDER

sentence is permitted under three narrow exceptions: 1) upon motion of the Director of the Bureau of Prisons and with certain conditions being met; 2) upon motion by the government in recognition of substantial assistance; and 3) upon a subsequent lowering of the sentencing range under which defendant was sentenced. It is undisputed that exception three applies, and the government agrees defendant should be sentenced at the low end of defendant's new guideline range.

However, the government opposes the 20-month reduction sought by defendant because the 120-month original sentence is already at the low-end of defendant's Sentencing Guideline range after being reduced by Amendment 782. The government emphasizes the plain language of Amendment 782, which states that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." Thus, the government argues that the defendant is ineligible for the 20-month sentence reduction, which would lower his sentence to a 100-month prison term and below the minimum guideline range. Further, the government argues that defendant's 20-month reduction was a variance and does not qualify as an exception to the plain language of Amendment 782.

The government is correct. When a term of imprisonment based

4    - OPINION AND ORDER

on a sentencing range has been subsequently lowered by the Sentencing Commission, the court shall not reduce a defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range. U.S.S.G. §1B1.10(b)(2)(A). The only exception to this limitation is when the reduction is based upon substantial assistance to authorities; then, a reduction that is comparably less is appropriate. U.S.S.G. §1B1.10(b)(2)(B).

Defendant nonetheless argues that the 20-month reduction was a "concurrency" adjustment, rather than a variance, and such adjustments do not implicate § 1B1.10(b)(2)(A)'s limitation against reductions.

Defendant maintains that a concurrency adjustment does not reduce the length of his sentence, but rather incorporates the time he spent in state custody into the federal sentence. For this, defendant relies on <u>United States v. Drake</u>, 49 F.3d 1438 (9th Cir. 1995), where the Ninth Circuit held that the sentencing court was required to impose a sentence below the 180-month Armed Career Criminal Act mandatory minimum in order for the sentence to run concurrently with a state sentence for related conduct.

In <u>Drake</u>, the defendant was sentenced to a 60-month state prison term for armed robbery. <u>Id.</u> at 1439. While serving time in state prison, he was federally indicted for being a felon in possession of a firearm that he used during the robbery for which he was convicted in state court. <u>Id.</u> Drake ultimately pled guilty

5    - OPINION AND ORDER

and because he had been convicted of three violent felonies, he was subject to a 180-month sentence. Id. The court determined that his two sentences would run concurrently and he would be given credit for the 12 months he served in state prison, based on the reasoning that his state conviction had been fully considered in determining his federal sentence and he was subject to an undischarged term of imprisonment. Id. I find this case distinguishable from Drake and reject defendant's argument.

At sentencing in this case, the court heard testimony regarding the progress defendant made while in state custody and how he was working to change his life. Given the totality of the circumstances, the court felt that a 120-month sentence was proper when taking into account the fact that defendant had already made progress toward rehabilitation and was responsive toward treatment.

Further, the court stated that the 20-month reduction was a "variance," the purpose of which was to recognize defendant's progress and the time he served in state custody. Sent. Tr. 40. Thus, the "variance" was not simply for time served, but also for the fact defendant had already made progressive steps in his treatment program. When looking at the sentence and the circumstances as a whole, the court felt that a 120-month sentence, rather than the 140-month sentence, was appropriate. Moreover, the 20-month reduction could not have been a

6    - OPINION AND ORDER

concurrency adjustment because there was no existing sentence to which the federal sentence could run concurrently. See U.S. v. Brito, No. 3:12-cr-00328-MO-1, 2015 WL 4275934, at *3 (D. Or. July 8, 2015). For these reasons, the court did not impose the 20-month reduction "based on concurrency," but instead as a variance.

These facts are contrary to the facts in Drake, the case relied on by defendant. The defendant in Drake was subject to an undischarged state sentence, and the premise of his state sentence was fully considered in the determination of his federal sentence. Drake, 49 F. 3d at 1439. In the present case, defendant's state sanction was fully served prior to federal sentencing and therefore, left no sentence to which the federal sentence could run concurrently.

Even if the defendant's term of imprisonment was below the original guideline range, based on a downward departure or variance, the court shall not reduce it to term less than minimum of the amended guideline range. U.S.S.G. §1B1.10, App. Note 3. Moreover, defendant's 20-month reduction does not fall under the substantial assistance exception to U.S.S.G. §1B1.10(b)(2)(B) and it was, in fact, a variance. By the plain terms of the amendment, the court's previous 20-month reduction cannot reduce his sentence below the low end of his amended guideline range.

Furthermore, when the court imposed its sentence, it

7   - OPINION AND ORDER

considered all the factors under 18 U.S.C. 3553(a)and other circumstances such as fairness, the time and progress the defendant made while in state custody, the nature and circumstances of the offense, a letter written by the defendant, community safety, and the balancing of obligations sentencing, punishment, deterrence, and rehabilitation. Sent. Tr. 39-40. Once the court considered all of these factors, it found that 120 months was appropriate. Given these considerations and regardless of Amendment 782 to the U.S.S.G, the court would impose the same sentence today.

 Therefore, I decline to reduce defendant's sentence below the 120-month low-end of the guideline range.

 Defendant also argues that to deny sentence reductions to a class of defendants who received concurrency adjustments creates an arbitrary and irrational distinction in violation of the Equal Protection Clause. However, I have determined that the 20-month reduction was a variance rather than a concurrency adjustment. The variance illustrates that the court imposed a sentence it believed to be fair by departing from the sentencing guidelines.

 Now, the drug guidelines have been lowered in order to afford relief to certain defendants, including said defendant. There is nothing unconstitutional about not allowing a sentence below the low-end of the amended guideline range for defendants who were already granted a variance. E.g., United States v.

8    - OPINION AND ORDER

Davis, 739 F.3d 1222, 1225-26 (9th Cir. 2014); see also United States v. Parker, ___ Fed. Appx. ___, 2015 WL 5656080 (9th Cir. Sep. 21, 2015). Therefore, with regards to defendant's constitutional arguments and in light of the holding above, I find no basis in law or fact to grant defendant the 20-month reduction.

## CONCLUSION

Accordingly, defendant's motion for reduction of sentence (doc. 150) is DENIED.

IT IS SO ORDERED.

Dated this 30th day of October, 2015.

*Ann Aiken*
Ann Aiken
United States District Judge

9    - OPINION AND ORDER